UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARK CHRISTOPHER RYANS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 3:23-CV-408-KAC-JEM |
| ) | 3:16-CR-98-KAC-JEM-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION & ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**

On March 29, 2017, Petitioner Mark Christopher Ryans pled guilty to one (1) count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) [Doc. 20].[1] On July 18, 2017, the Court sentenced him [Doc. 28 at 2-3]. Petitioner elected not to appeal. On November 13, 2023, Petitioner filed a pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 55; *see also* 3:23-CV-408, Doc. 1]. For the reasons that follow, the Court denies Petitioner's Motion.

I. **BACKGROUND**

Around 3:30 a.m. on August 3, 2016, witnesses called the Oak Ridge Police Department ("ORPD") in response to a shooting [Doc. 21 ¶ 8, *sealed]. After investigating, ORPD discovered that Petitioner was responsible for the shooting [*Id.*]. Later that day, Petitioner, after being read his *Miranda* rights, admitted to firing the relevant firearm [*Id.* ¶ 9]. On August 16, 2016, a grand jury indicted Petitioner for being a felon in possession of a firearm and ammunition,

---

[1] Unless otherwise noted, all citations to the record refer to the docket in Petitioner's criminal action, Case Number 3:16-CR-98.

in violation of 18 U.S.C. §§ 922(g)(1), 924(e) [Doc. 2, *sealed]. On March 29, 2017, Petitioner pled guilty pursuant to a plea agreement [*See* Doc. 19]. In his Plea Agreement, Petitioner "voluntarily, knowingly, and intelligently" agreed that in exchange for the benefits in his Plea Agreement, he would not "file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack" his conviction or sentence with two (2) exceptions not relevant here [Doc. 16 at 5-6]. At his Change of Plea hearing, the Court ensured that Petitioner understood the terms of his Plea Agreement [*See* Doc. 19]. The Court ultimately sentenced Petitioner to 180 months' imprisonment followed by five (5) years of supervised release [Doc. 28 at 2-3]. Petitioner did not appeal his conviction or sentence, which became final in 2017.

On November 13, 2023, more than six (6) years after his conviction and sentence became final, Petitioner filed the instant Motion, alleging that his conviction is unconstitutional because Section 922(g)(1) "violates the Second Amendment of the United States Constitution" [Doc. 55 at 1; *see also* 3:23-CV-408, Doc. 1 at 1]. Petitioner acknowledges that his petition is time barred [*See* Doc. 55 at 5; *see also* 3:23-CV-408, Doc. 1 at 5]. However, Petitioner contends he can "overcome" Section 2255(f)'s one-year limitation because "failure to recognize his claim would result in a fundamental miscarriage of justice" [*See* Doc. 55 at 5 (quotation marks and citations omitted); *see also* 3:23-CV-408 Doc. 1 at 5 (same)]. Substantively, Petitioner relies on cases from other United States Circuit Courts of Appeals holding 922(g)(1) unconstitutional [*See* Doc. 55 at 3-4 (citing *Range v. A.G. United States*, 69 F.4th 96 (3d Cir. 2023)); *see also* 3:23-CV-408, Doc. 1 at 3-4 (same)]. But Petitioner cites no Supreme Court or Sixth Circuit precedent holding Section 922(g)(1) unconstitutional either facially or as applied to him. Both arguments are unavailing.

2

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence based on claims that: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" or (3) "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain post-conviction relief under Section 2255, Petitioner bears the burden to show: (1) "an error of constitutional magnitude;" (2) "a sentence imposed outside the statutory limits;" or (3) "an error of fact or law that was so fundamental as to render the entire proceeding invalid." *See Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2004) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

To obtain collateral relief under Section 2255, then, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Rule 4(b) of the *Rules Governing Section 2255 Proceedings in the United States District Courts* requires a district court to summarily dismiss a Section 2255 petition if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b). The Court does so here.

### III. ANALYSIS

Petitioner is not entitled to Section 2255 relief because he knowingly and voluntarily waived his right to file this Petition. A waiver of the right to bring a Section 2255 Petition is generally enforceable. *See Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022). "A defendant may waive any right, even a constitutional one, in a plea agreement," so long as that agreement was entered "knowingly and voluntarily." *Id.*; *see also Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) (citation omitted). Even "[s]ubsequent developments in the law that would make a right to bring a postconviction challenge more valuable do not suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Id.* (quotation marks omitted). "[A] voluntary plea of guilty intelligently made in light of the then applicable law . . . does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* (citing *Brady v. United States*, 397 U.S. 742, 757 (1970)). Indeed, "waiver[] of the right to appeal" "would amount to little if future changes in the law permitted the benefitted party nonetheless to appeal." *Id.* (quotation marks and citation omitted).

Here, "it plainly appears from [his] motion" that Petitioner "is not entitled to relief" because Petitioner's claim is barred by his Section 2255 waiver. *See Rules Governing Section 2255 Proceedings in the United States District Courts* Rule 4(b); *see also Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973). Petitioner knowingly and voluntarily entered a Plea Agreement waiving his right to file this Section 2255 motion. He does not contest that fact. Even if Petitioner could identify a relevant development in the law making the ability to collaterally attack his conviction more valuable, the waiver in his Plea Agreement would bar that motion. *See Portis*, 33 F.4th at 335. Because Petitioner's valid Plea Agreement precludes his request for relief, the Court denies his Motion on that basis.

4

Further, even if Petitioner did not waive his right to file this Motion, his petition for relief is time barred, and he fails to establish an exception permitting his claim. Section 2255 provides that "[a] 1-year limitation shall apply to a motion under this section." *See* 28 U.S.C. § 2255(f). As relevant here, that "limitation period shall run from" "the date on which the judgment of conviction becomes final." *Id.* at § 2255(f)(1). "[P]roof of actual innocence," however, could "provide a gateway for federal habeas review" "in the statute of limitations context." *See Phillips v. United States*, 734 F.3d 573, 581 (6th Cir. 2013). One way of demonstrating "actual innocence" "is to show an 'intervening change in the law that establishes'" Petitioner's innocence. *See id.* (citing *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001)). The "threshold," "dispositive" question in an actual innocence argument is "what Supreme Court or Sixth Circuit precedent defines" the scope of Section 922(g)(1) "in such a way that [Petitioner] now stands convicted of a crime that the law does not deem criminal." *See id.* at 582.

Here, even if Petitioner could overcome his Section 2255 waiver, his claim would be time barred because he waited more than six (6) years after his conviction became final to file his Motion. And Petitioner has not identified an exception permitting review, such as an intervening change in Supreme Court or Sixth Circuit law establishing actual innocence. The Supreme Court has not held that Section 922(g)(1) is unconstitutional, either facially or as applied to individuals like Petitioner. And the Sixth Circuit has not addressed the issue post-*Bruen*. *See United States v. Bowers*, No. 22-6095, 2024 WL 366247, at *3 (6th Cir. Jan. 31, 2024) (summarizing opinions). Because Petitioner failed to bring his Motion within the one-year limitation period, and he cannot establish actual innocence to excuse that failure, the Court summarily denies his Motion on that basis as well.

## IV. CONCLUSION

Because Petitioner is not entitled to relief under Section 2255, the Court **DENIES** Petitioner's pro se "Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" [Doc. 55; *see also* 3:23-CV-408, Doc. 1] and **DISMISSES** Petitioner's civil action, 3:23-CV-408. An appropriate judgment will enter.

Under Rule 11(a) of the *Rules Governing Section 2255 Proceedings*, upon the entry of a final order adverse to a Petitioner, the Court must "issue or deny a certificate of appealability." A certificate of appealability may issue only when Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" requires Petitioner to demonstrate that reasonable jurists would find that the Court's assessment of Petitioner's claim is "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist would question the Court's analysis of Petitioner's claim. Accordingly, the Court **DENIES** a certificate of appealability. Further, any appeal of this Memorandum Opinion and Order would not be taken in good faith and would be totally frivolous. Therefore, under Federal Rule of Appellate Procedure 24, should Petitioner file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*.

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge